THIRD DIVISION
DECEMBER 23, 2009

No. 1-08-2859

| | | |
|---|---|---|
| ILLINOIS BELL TELEPHONE COMPANY, | ) | Petition for Review of |
| | ) | Order of the Illinois |
| Petitioner, | ) | Commerce Commission |
| | ) | |
| v. | ) | Appeal of I.C.C. |
| | ) | Docket No. 07-0629 |
| ILLINOIS COMMERCE COMMISSION, | ) | |
| | ) | |
| Respondent. | ) | |

JUSTICE COLEMAN delivered the opinion of the court:

Illinois Bell Telephone Company appeals a decision of the Illinois Commerce

Commission determining that it violated the Public Utilities Act (220 ILCS 5/13-514 (West

2006)), which provides that a telecommunications carrier "shall not knowingly impede the

development of competition in any telecommunications service market." As a result of the

determination, the Commission ordered Illinois Bell to pay 20% of the attorney fees of the

complaining parties, Sprint Communications L.P. and four affiliates (collectively, Sprint), and to

pay 10% of the Commission's costs in conducting the proceeding. We affirm.

The parties do not dispute the legal and regulatory framework underlying the instant

matter. The Telecommunications Act of 1996 requires local telecommunications carriers to

allow competing carriers to access their networks for standardized fees. 47 U.S.C. Sec. 251

(2000). Disputes regarding network interconnection agreements and their terms are adjudicated

by state utility commissions. In 2007, Illinois Bell's parent, AT&T Inc., merged with BellSouth

Corporation.  Federal Communications Commission (FCC) approval of that merger required each local AT&T entity to offer its network to any requesting carrier on terms as favorable as those given by any AT&T carrier to any competing carrier in any state.  The FCC explicitly permits state commissions to enforce the AT&T merger commitments.

On November 20, 2007, Sprint notified Illinois Bell that it desired to adopt an existing Kentucky AT&T/Sprint interconnection agreement (ICA) for four Sprint entities in Illinois: one landline telecommunications provider and three wireless providers.  On December 13, 2007, Illinois Bell responded to Sprint's inquiry with the assertion that its commitment to import the existing interconnection agreement of any AT&T entity did not permit four Sprint entities to adopt and share the Kentucky agreement in Illinois.  Illinois Bell noted that the parties to the Kentucky interconnection agreement were one AT&T entity, one Sprint landline provider, and one Sprint wireless provider.  Illinois Bell asserted that it was obliged to permit only one landline and one wireless provider to import the Kentucky agreement into Illinois.  It advised Sprint that it would process the request for new interconnection agreements after Sprint provided written notification of the single wireless entity it elected to adopt the Kentucky agreement.  On December 28, 2007, Sprint filed a complaint with the Illinois Commerce Commission, asserting that Illinois Bell's refusal to process its interconnection request violated the Public Utilities Act.

Section 13-514 of the Public Utilities Act states that "a telecommunications carrier shall not knowingly impede the development of competition in any telecommunications service market."  220 ILCS 5/13-514 (West 2006).  Sprint asserted that Illinois Bell's refusal to process its interconnection agreement request for more than one wireless provider violated three enumerated provisions of section 13-514:

"(1) unreasonably refusing or delaying interconnections or collocation or providing inferior connections to another telecommunications carrier;

* * * (8) violating the terms of or unreasonably delaying implementation of an interconnection agreement entered into pursuant to Section 252 of the federal Telecommunications Act of 1996 in a manner that unreasonably delays, increases the cost, or impedes the availability of telecommunications services to consumers;

* * *

(10) unreasonably failing to offer network elements that the Commission or the Federal Communications Commission has determined must be offered on an unbundled basis to another telecommunications carrier in a manner consistent with the Commission's or Federal Communications Commission's orders or rules requiring such offerings." 220 ILCS 5/13-514 (West 2006).

In its order resolving Sprint's complaint, the Commission explained that it found no basis for Illinois Bell's refusal to allow more than two Sprint entities to import the Kentucky agreement. "[Illinois Bell] points us to nothing in the text of the Merger Commitment that supports the limitation it would have us find." The order continued: "The Commission sees no basis for not permitting several [competing carriers] under common ownership and management,

such as the Sprint entities, to jointly import the Kentucky ICA especially where, as here, it would unquestionably reduce transaction costs in a manner consistent with the stated purpose of the Merger Commitment." The Commission's conclusion: "[Illinois Bell's] refusal to allow more than one landline carrier and one wireless carrier adopt the Kentucky ICA was an unreasonable refusal or delay of the adoption of the interconnection agreement. After reviewing the arguments presented by the parties, the Commission finds that [Illinois Bell] was in violation of Section 13-514." The Commission ordered Illinois Bell to pay 20% of Sprint's attorney fees for the proceeding and 10% of the Commission's costs for the proceeding. Illinois Bell appeals.

Illinois Bell notes that it provided network connections to all of the Sprint entities both before and after Sprint's request for importation of the Kentucky agreement into Illinois. It contends that the Commission could not properly find a refusal or delay of interconnections with Sprint in the absence of some physical disruption of the links between the entities' networks. We disagree.

The Commission, as the entity charged with administration and enforcement of the Public Utilities Act, is entitled to substantial deference in its interpretation of the Act. Illinois Consolidated Telephone Co. v. Illinois Commerce Comm'n, 95 Ill. 2d 142, 152-53 (1983). If its interpretation is not unreasonable, it will not be reversed by this court. Globalcom, Inc. v. Illinois Commerce Comm'n, 347 Ill. App. 3d 592, 600 (2004). Accordingly, if the Act may be reasonably interpreted to prohibit conduct which falls short of the actual interruption of the connections between carrier networks, Illinois Bell's argument must be rejected.

Section 13-514 of the Act provides that the activities listed therein are not to be construed as an exhaustive list of its prohibitions, and that the Commission "may consider other actions

4

which impede competition to be prohibited." 220 ILCS 5/13-514 (West 2006). Included in the Act's explicit prohibitions are denying a competing carrier's request for technical information (paragraph 3); failing to offer services to customers (paragraph 7); refusing or delaying support systems to a competing carrier (paragraph 9); and failing to offer network elements that, according to the FCC, must be provided on an unbundled basis (paragraph 10).

The Act is thus explicit in its prohibition of various acts that fall short of actual interruptions of network connections. The Act also allows the Commission to ban additional conduct. It is therefore apparent that a physical network disruption is not a prerequisite to a finding of a section 13-514 violation, and that Illinois Bell's assertions to the contrary are unfounded.

We also reject Illinois Bell's argument that the Commission failed to adequately establish the basis for its ruling. Despite its obligation under the Telecommunications Act of 1996 to negotiate in good faith Sprint's request for importation of the Kentucky interconnection agreement (47 U.S.C. Sec. 251(c)(1)(2000)), Illinois Bell's response to the request was not an identification of its financial or operational concerns regarding the use of the agreement in Illinois. Nor did Illinois Bell advise Sprint that it would begin to process the importation request while reserving its asserted right to limit the Kentucky agreement to two Sprint entities. Illinois Bell did not advise Sprint of any obstacle to commencing the agreement negotiation process while the number of parties remained unresolved. Instead, Illinois Bell informed Sprint that it would not begin the importation process for any of the Sprint entities until Sprint eliminated two of its affiliates from the importation request. The Commission explicitly stated that it found no basis in the AT&T/Bell South merger commitment for Illinois Bell's refusal. On this record, the

Commission's conclusion that Illinois Bell's refusal was unreasonable cannot be characterized as clearly erroneous, and must therefore be affirmed. <u>Illinois Bell Telephone Co. v. Illinois Commerce Comm'n</u>, 282 Ill. App. 3d 672, 677 (1996).

For the foregoing reasons, we affirm the order of the Illinois Commerce Commission.

Affirmed.

MURPHY, P.J., and QUINN, J., concur.